USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/01/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,

    -against-

STEVEN GALLAGHER,

                            Defendant.

------------------------------------------------------------ X

22-CR-122 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on June 27, 2022, the Undersigned sentenced Mr. Gallagher to time served and three years of supervised release (including six months under house arrest) for securities fraud, *see* Am. J., Dkt. 28;

       WHEREAS on January 30, 2024, Mr. Gallagher moved for early termination of his supervised release on the grounds that he has successfully served over half of his three-year term, has shown that he is not a flight risk, and is unlikely to reoffend, *see* Mot., Dkt. 40;

       WHEREAS Mr. Gallagher's Probation Officer does not oppose his request and the Government defers to Probation on the matter, *id.* at 1;

       WHEREAS this Court has broad discretion when deciding a motion to terminate a term of supervised release but must determine whether "such action is warranted by the conduct of the defendant released and the interest of justice," and consider the section 3353(a) sentencing factors, 18 U.S.C. §§ 3583(c), (e)(1); *see also United States v. Weiss*, No. 21-CR-457, 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022) (citing *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016)); *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010); and

       WHEREAS the Guide to Judiciary Policy places a presumption in favor of granting a motion to terminate a term of supervised release brought by an individual who has completed at least eighteen months of supervised release and (1) is not a career criminal and has not

1

committed a sex offense or an act of terrorism, (2) does not present a risk of harm to the public or to any victims, (3) is without court-reported violations for at least one year, and (4) has demonstrated he or she can act in accordance with the law beyond the term of supervision, including by engaging in prosocial activities and receiving prosocial support, 8 Jud. Conf. of the U.S., Guide to Judiciary Pol'y § 360.20(c) (2022), https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial-services/part-e-post-conviction-supervision/ch-3-framework-effective-supervision#360_20;

IT IS HEREBY ORDERED that Mr. Gallagher's motion for early termination of his supervised release is GRANTED in part and DENIED in part.  Mr. Gallagher's original, non-custodial sentence was well below the applicable U.S. Sentencing Guidelines (the "Guidelines") range of 8 to 14 months.  *See* PSR, Dkt. 21, at 16; Gov't Mem., Dkt. 23, at 4; Def. Mem., Dkt. 22, at 1.[1]  Reducing his term of supervised release by almost 50% would, therefore, not adequately reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a).  Because Mr. Gallagher has substantially complied with the conditions of his supervision for over 18 months, and otherwise satisfies the conditions set forth under section 360.20(c) of the Guide to Judiciary Policy, however, his period of supervised release is reduced from three years to two years.

Based on these findings, the Court hereby grants in part Mr. Gallagher's motion for early termination of supervised release.  The Clerk of Court is respectfully directed to close the open motion at docket entry 40.

---

[1] Although Mr. Gallagher likely qualifies as a zero-point offender under Amendment 821 to the Guidelines, *see* Guidelines § 4C1.1, even applying a two-point reduction to his offense level, the Guidelines range is 4 to 10 months — well above his sentence, *see* Guidelines ch. 5, pt. A.

**SO ORDERED.**

**Date: February 1, 2024**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**